**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER JOSEPH COOK III,

Petitioner-Appellant,

v.

SCOTT KERNAN,

Respondent-Appellee.

No. 17-17257

D.C. No. 3:15-cv-06343-WHA

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted March 27, 2019
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

California state prisoner, William Joseph Cook, III, was convicted on three
counts of murder in violation of California law and sentenced to death. His death
sentence was reduced to life without the possibility of parole after his state habeas
proceedings, on grounds of intellectual disability under *Atkins v. Virginia*, 536 U.S.
304 (2002). Cook appeals the district court's denial of his petition for writ of

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

habeas corpus under 28 U.S.C. § 2254. The district court certified four issues in this appeal, one of which we addressed in a concurrently filed published opinion. We address Cook's remaining claims here and affirm the district court's denial of habeas relief on each of those issues.[1]

1. First, Cook claims that the prosecution and police "engaged in an egregious and pervasive pattern" of misconduct with regard to his investigation and trial, which resulted in a prejudicial violation of his constitutional rights. Cook raised a plethora of misconduct claims in his state and federal habeas petitions but, in his appeal to this court, focuses on his claims that "the prosecution and its agents engaged in flagrant misconduct by threatening and coercing multiple witnesses into testifying against Cook, offering undisclosed inducements in exchange for testimony against Cook, and suppressing crucial impeachment evidence."

On habeas review, the California Supreme Court held that Cook's allegations of prosecutorial misconduct were "procedurally barred because most of the alleged acts of misconduct were not challenged on appeal," citing *Ex parte Dixon*, 264 P.2d 513, 514 (Cal. 1953), "and the remaining acts were raised and rejected on appeal," citing *In re Waltreus*, 397 P.2d 1001, 1005 (Cal. 1965) (In Bank). In the alternative, it also denied each of Cook's claims on the merits.

---

[1] Because the parties are familiar with the underlying facts and issues in this case, we do not recount them at length here.

California's *Dixon* bar has been upheld as an adequate and independent procedural ground capable of barring federal habeas review, *see Johnson v. Lee*, 136 S. Ct. 1802, 1806 (2016), but the *Waltreus* bar has not, *see Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). Thus, we conclude that the California Supreme Court's *Dixon* bar precludes federal habeas review over the claims of state misconduct that Cook could have raised on appeal, but did not.[2] Because Cook fails to show cause and prejudice for excusing his procedural default on these claims, we decline to reach them on the merits.

As to the remaining allegations of state misconduct that Cook did previously raise in his direct appeal, we conclude that they are not barred from federal review based on *Waltreus* and thus review them on the merits. In doing so, we look to the California Supreme Court opinion on direct review as the "last reasoned state-court decision" in determining whether federal habeas relief is warranted on the merits of these claims. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002)). Generally, the

---

[2] The district court concluded that the *Dixon* rule did not bar Cook's prosecutorial misconduct claims because "[t]he California Supreme Court did not specify *which* acts of misconduct had not been challenged on appeal, nor does the record clarify this point." But a comparison of the state misconduct claims that Cook raised on appeal with the claims he raised in his state habeas petition clarifies which allegations were previously raised and rejected by the California Supreme Court on direct review (and barred by the state habeas court under *Waltreus*), and which were not (and barred under *Dixon*).

misconduct claims that were raised and addressed on direct review are: (1) the alleged discovery violations as to the four witnesses mentioned in the state habeas decision; (2) the alleged failure to preserve Sadler's footprint evidence and photographs of the occupants at 2250 Menalto; (3) the alleged prosecutorial vouching for government witnesses through Detective Sabin's testimony; (4) the alleged improper use of leading questions by the prosecution; and (5) the improper comments during both the prosecutor's opening and closing arguments. We conclude that the California Supreme Court's decision on appeal provided reasonable bases for its rejection of each of these claims on the grounds that the alleged misconduct did not rise to the level of error, did not prejudice Cook, or both. *See People v. Cook*, 139 P.3d 492 (Cal. 2006). As such, we deny federal habeas relief for Cook's claims of state misconduct.

2. Second, Cook asserts that he was deprived of the effective assistance of counsel during the guilt phase of his trial. According to Cook, his trial counsel were ineffective due to their: (1) failure to investigate whether Cook knowingly and intelligently waived his *Miranda* rights, and whether his statement was coerced; (2) withdrawal of the motion to suppress in exchange for suppression of another statement that was already inadmissible; (3) trial strategy around conceding guilt for the Bettencourt murder, which led to vouching for recanting witnesses and failing to investigate ballistics evidence; and (4) failure to

4

investigate an insanity defense and to argue that Cook lacked the requisite mens rea because of his mental illness.

To prevail on his ineffective assistance of counsel claim, Cook must show that his trial counsel's conduct fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's acts or omissions. *Strickland v. Washington*, 466 U.S. 668 (1984). Judicial review of a *Strickland* claim is "highly deferential," and "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Given the standard of review, we conclude that Cook has not carried his burden of showing that the California Supreme Court lacked any reasonable basis to deny his ineffective assistance of counsel claims. On this record, a reasonable basis may exist on which the California Supreme Court could conclude that Cook's trial counsel performed adequately or that Cook suffered no prejudice from the alleged deficiencies. *See Strickland*, 466 U.S. at 668; *Cullen v. Pinholster*, 563 U.S. 170 (2011).

3. Finally, Cook claims that cumulative trial error resulted in a deprivation of his constitutional rights. "Cumulative error applies where, 'although no single

5

trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors [has] still prejudice[d] a defendant.'" *Whelchel v. Washington*, 232 F.3d 1197, 1212 (9th Cir. 2000) (quoting *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). "We have granted habeas relief under the cumulative effects doctrine when there is a 'unique symmetry' of otherwise harmless errors, such that they amplify each other in relation to a key contested issue in the case." *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011) (quoting *Parle v. Runnels*, 505 F.3d 922, 933 (9th Cir. 2007)). The cumulative impact of the errors must, however, render the trial and sentencing "fundamentally unfair." *Id*. (quoting *Parle*, 505 F.3d at 927). Where "no error of constitutional magnitude occurred, no cumulative prejudice is possible." *Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011) (citing *United States v. Larson*, 460 F.3d 1200, 1217 (9th Cir. 2006)).

The California Supreme Court had a reasonable basis for finding that no error occurred with regard to each of Cook's habeas claims. Without any findings of error, the state habeas court could not have found cumulative prejudice. Because there is a reasonable basis for concluding that the cumulative effect of Cook's alleged errors did not render his trial "fundamentally unfair," and Cook has not shown otherwise, we deny relief on this claim.

The district court's denial of Cook's habeas petition is **AFFIRMED.**